**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KRISTIE ROSENBERGER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 4:24-CV-1730 HEA |
| v. | ) | |
| | ) | |
| RITTER POOL & PATIO, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of the file and following an Order Concerning Jurisdiction. (ECF No. 37).

In this cause of action, Plaintiffs Kristie and Cory Rosenberger seek to confirm an arbitration award against Defendants Ritter Pool & Patio, LLC and Johnathan Ritter under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq*.

In its Order Concerning Jurisdiction, the Court wrote the following:

> The United States Supreme Court has stated that while the FAA allows a party to an arbitration agreement to seek relief from a federal court, "the [FAA]'s authorization of a petition does not itself create jurisdiction." *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). *See also Jules v. Andre Balazs Props.,* 146 S. Ct. 1209, 1215 (2026) ("Regardless of how an FAA dispute begins, federal jurisdiction is not always a foregone conclusion. For a federal court to have jurisdiction over an arbitral dispute, it is not enough that the dispute implicates the FAA."). A federal court must have an "'independent jurisdictional basis' to

> resolve the matter." *Badgerow*, 596 U.S. at 4 *(quoting Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). *See also Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) (the FAA "bestows no jurisdiction on federal courts but, rather, requires for access to a federal forum an independent jurisdictional basis over the parties' dispute."). Accordingly, there must be a basis for subject matter jurisdiction in this case that is independent of the FAA. *Badgerow*, 596 U.S. at 4; *Vaden*, 556 U.S. at 62; *Hall St. Assocs.,* 552 U.S. at 582.

(ECF No. 37 at 3). Citing *Badgerow*, the Court also explained that district courts are to look at the complaint to determine whether there is jurisdiction over a suit seeking to confirm an arbitration award under Section 9. *See Badgerow*, 596 U.S. at 4 and 11. The Court then carefully examined Plaintiffs' Amended Complaint and found that it neither implicated a federal issue nor sufficiently alleged diversity of citizenship. As a result, the Court found "Plaintiffs' [Amended] Complaint is defective because it does not contain sufficient allegations of jurisdictional facts to establish the existence of federal subject matter jurisdiction." (ECF No. 37 at 7). The Court ordered Plaintiffs to file a Second Amended Complaint that alleges facts establishing diversity of citizenship of the parties in this action or, in the alternative, a basis for federal subject matter jurisdiction that is independent of the FAA.

On August 20, 2026, Plaintiffs filed a Second Amended Complaint. In their new pleading, Plaintiffs allege that all the parties in this case are "residents" of Missouri. As this dispute is not between "citizens of different states," diversity jurisdiction does not apply. 28 U.S.C. § 1332(a)(1).

Plaintiffs also allege in their Second Amended Complaint that "[u]nder 9 U.S.C. Section 9 of the FAA, venue and jurisdiction are proper in the United States District Court: 'If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.'" (ECF No. 38 at 2). As stated in the Court's Order on Jurisdiction, this is not correct. "The [FAA]'s authorization of a petition does not itself create jurisdiction. Rather, the federal court must have what [the Supreme Court has] called an 'independent jurisdictional basis' to resolve the matter." *Badgerow*, 596 U.S. at 4 (quoting *Hall Street Assocs.*, 552 U.S. at 582).

Finally, Plaintiffs also allege in their Second Amended Complaint that the parties agree that jurisdiction and venue are proper in this Court. As the Court stated in its Order Concerning Jurisdiction, the parties cannot confer subject matter jurisdiction on the Court by agreement. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005); *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1357 (11th Cir. 2003). Subject matter jurisdiction is rooted in Article III of the United States Constitution and statutory requirements established by Congress. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

After carefully examining the Second Amended Complaint, the Court finds Plaintiffs have failed to establish a basis for subject matter that is independent of the

FAA. Consequently, the Court finds it lacks subject matter jurisdiction over this dispute, and the case must be dismissed without prejudice.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned cause of action is dismissed without prejudice for lack of subject matter jurisdiction.

An appropriate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 3rd day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

[1]Plaintiffs state in their Second Amended Complaint that "[i]f the Court disagrees on subject matter jurisdiction, it would be more appropriate to remand to St. Charles Circuit Court in 1911-CC01026 rather than a dismissal without prejudice." (ECF No. 38 at 2). The Court cannot remand the case to state court, because it was not removed from state court. Plaintiffs directly filed their cause of action in this Court.